IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES HENRY DAVIS, #267 569,    )
    )
    Plaintiff,    )
    )
    v.    )  CIVIL ACTION NO. 2:19-CV-1040-WHA
    )       [WO]
GWENDOLYN GIVENS, WARDEN III,    )
    )
    Defendant.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Plaintiff, James Davis, a state inmate, initiated this 42 U.S.C. § 1983 action on December 11, 2019.  Plaintiff alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment because of Defendant's deliberate indifference and reckless disregard to his safety which he claims resulted in him being attacked by another inmate in August of 2019 at the Donaldson Correctional Facility. The Donaldson Correctional Facility is in Bessemer, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama. Upon review, the court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1406.[1]

### II.  DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1]Plaintiff has submitted an application for leave to proceed *in forma pauperis.*  Doc. 2. The court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]")

The Donaldson Correctional Facility is within the jurisdiction of the United States District Court for the Northern District of Alabama.  The actions about which Plaintiff complains occurred in the Northern District of Alabama. And most material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Northern District of Alabama.  Under these circumstances, the claims asserted by Plaintiff are beyond the venue of this court.  However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

---

[2]In transferring the instant case, this court makes no determination with respect to the merits of Plaintiff's claims for relief.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1406(a).

It is further

ORDERED that on or before **December 31, 2019**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 17th day of December 2019.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE